# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

Temujin Kensu, #189355

    Plaintiff,

v.

Corizon, Inc., et al.

    Defendants.

Case No: 2:19-cv-10944

District Judge: Mark A. Goldsmith

Magistrate Judge: R. Steven Whalen

---

| EXCOLO LAW PLLC | CHAPMAN LAW GROUP |
|---|---|
| Keith Altman (P81702) | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiff | LL.M. (P37603) |
| 26700 Lahser Road, Suite 401 | Jonathan C. Lanesky (P59740) |
| Southfield, MI 48033 | Attorneys for Defendants Corizon, Inc. and |
| (866) 939-2656 | Quality Correctional Care of Michigan, P.C. |
| kaltman@excololaw.com | 1441 West Long Lake Rd., Suite 310 |
| | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | jlanesky@chapmanlawgroup.com |

---

## DEFENDANT CORIZON, INC. AND QUALITY CORRECTIONAL CARE OF MICHIGAN, P.C.'S MOTION FOR SUMMARY JUDGMENT

NOW COME Defendants CORIZON INC. and QUALITY CORRECTIONAL CARE OF MICHIGAN, P.C., by and through their counsel, CHAPMAN LAW GROUP, and for their Motion for Summary Judgment, state as follows:

1. Plaintiff Temujin Kensu, #189355 (a.k.a. Frederick Freeman), is serving a life sentence and is currently housed at the Macomb Correctional Facility.

2. On March 29, 2019, Plaintiff, through his counsel, filed his original Complaint initiating this matter. (**Dkt. No. 1**).

3. On April 26, 2019, Defendants filed their Motion to Dismiss arguing that Plaintiff did not satisfy the requirements of Fed. R. Civ. P. 23 for class certification and that Plaintiff failed to adequately plead a *Monell* claim under 42 U.S.C. § 1983. (**Dkt. No. 9**).

4. On May 1, 2019, this Honorable Court entered a *sua sponte* Order Granting Plaintiff Leave to File an Amended Complaint on or before May 15, 2019. (**Dkt. No. 10**).

5. The Court ordered that any amended complaint "must state a plausible claim for relief by pleading specific factual allegations that, if true, would plausibly give rise to an entitlement to relief." (**PageID.478**) (internal quotations and citation omitted).

6. On May 14, 2019, Plaintiff filed his Amended Complaint. (**Dkt. No. 11**).

7. On May 17, 2019, the Court entered an Order Denying Without Prejudice Defendants' Motion to Dismiss. (**Dkt. No. 12**).

8. Plaintiff alleges that Defendants Corizon, Inc. and Quality Correctional Care of Michigan, P.C. engaged in a policy, custom, or practice of delaying necessary treatment in violation of Plaintiff's constitutional rights. (**PageID.545**).

9. For the reasons set forth in the accompanying brief, Plaintiff can prove no set of facts that the engaged in a policy, custom, or practice of delaying necessary treatment in violation of Plaintiff's constitutional rights. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *Rhinehart v. Scutt*, 894 F.3d 721 (6th Cir. 2018); *Winkler v. Madison Cty.*, 893 F.3d 877 (6th Cir. 2018).

10. The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, and three business days have lapsed without opposing counsel expressly agreeing to the relief, orally or in writing.

WHEREFORE, Defendants Corizon, Inc. and Quality Correctional Care of Michigan, P.C., by and through their counsel, CHAPMAN LAW GROUP, respectfully request that this Honorable Court grant their Motion for Summary Judgment; dismiss Plaintiff's claims in their entirety and with prejudice; and provide any and all such further relief as the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: April 1, 2021

/s/Jonathan C. Lanesky
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Jonathan C. Lanesky (P59740)
Attorneys for Corizon, Inc.
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jlanesky@chapmanlawgroup.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Temujin Kensu, #189355

    Plaintiff,

v.

Corizon, Inc., et al.

    Defendants.

Case No: 2:19-cv-10944
District Judge: Mark A. Goldsmith
Magistrate Judge: R. Steven Whalen

---

| EXCOLO LAW PLLC | CHAPMAN LAW GROUP |
|---|---|
| Keith Altman (P81702) | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiff | LL.M. (P37603) |
| 26700 Lahser Road, Suite 401 | Jonathan C. Lanesky (P59740) |
| Southfield, MI 48033 | Attorneys for Defendants Corizon, Inc. and |
| (866) 939-2656 | Quality Correctional Care of Michigan, P.C. |
| kaltman@excololaw.com | 1441 West Long Lake Rd., Suite 310 |
| | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | jlanesky@chapmanlawgroup.com |

---

## BRIEF IN SUPPORT OF DEFENDANTS CORIZON, INC. AND QUALITY CORRECTIONAL CARE OF MICHIGAN, P.C.'S MOTION FOR SUMMARY JUDGMENT

## PROOF OF SERVICE

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES................................................................... iii

INDEX OF EXHIBITS .........................................................................v

STATEMENT OF ISSUES PRESENTED............................................. vi

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT....... vii

I.    STATEMENT OF FACTS ...............................................................1

II.   LEGAL STANDARD .....................................................................2

III.  LEGAL ARGUMENT......................................................................3

  A.  There is No Evidence to Support Plaintiff's Deliberate Indifference Claims
  Alleged Against Defendant Corizon Health, Inc....................................3

    *1.  No Evidence of Policy, Practice or Custom Whereby Prisoners Were
    Unreasonably Denied Access to Medical Treatment for Their Serious Medical
    Needs.* ...................................................................................4

    *2.  There is No Evidence to Support Plaintiff's Civil Conspiracy Claim.* ........7

IV.   CONCLUSION AND RELIEF REQUESTED..............................................9

## INDEX OF AUTHORITIES

**CASES**                                                                                              **PAGE**

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)................................................... vi

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).................................... vi, 2, 9

*Burgess v. Fischer*, 735 F.3d 462 (6th Cir. 2013) ...................................................4

*Comstock v. McCrary*, 273 F.3d 693 (6th Cir. 2001) ............................................ vi

*Connick v. Thompson*, 563 U.S. 51 (2011)................................................. vii, 3, 6, 7

*Coogan v. City of Wixom*, 820 F.2d 170 (6th Cir. 1987)............................... vii, 3, 4

*Dunn v. State of Tenn.*, 697F.2d 121 (1983)........................................................ vii

*Estelle v. Gamble*, 429 U.S. 97 (1976) ............................................................... 3, vi

*Farmer v. Brennan*, 511 U.S. 825 (1994)............................................................. vi

*Garner v. Memphis Police Dep't*, 8 F.3d 358 (6th Cir. 1993) ........................ vii, 3, 4

*Heyne v. Metro. Nashvill Pub. Schs.*, 655 F.3d 556 (6th Cir. 2011) ..........................8

*Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985) .........................................................7

*Kendall v. Hoover Co.*, 751 F.2d 171 (6th Cir. 1984) ...............................................2

*Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985)............................................. vi

*Monell v. Department of Social Servs.*, 436 U.S. 658 (1978) ........................ vi, 3, 4

*Moran v. Al Basit LLC*, 788 F.3d 201 (6th Cir. 2015)..............................................2

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) ...............................................7

*Rhinehart v. Scutt*, 894 F.3d 721 (6th Cir. 2018)......................................................3

*Searcy v. City of Dayton*, 38 F.3d 282 (6th Cir. 1994) ....................................... vii, 3

*Sharpe v. Cureton*, 319 F.3d 259 (6th Cir. 2003) .....................................................5

*Stiles ex rel. D.S. v. Grainger Cty., Tenn.* 819 F.3d 834 (6th Cir. 2016) ..................2

*Street v. Corrections Corporation of America*, 102 F.3d 810 (6th Cir. 1996) ... vii, 3

*Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005) .............................6, 7

*Williams v. Mehra*, 186 F.3rd 685 (6th Cir. 1999) ................................................. vi

*Wilson v. Seiter*, 501 U.S. 294 (1991) ..................................................... vi

*Winkler v. Madison Cty.*, 893 F.3d 877 (6th Cir. 2018) ............................3


**S**TATUTES                                                                                    **P**AGE

42 U.S.C. § 1983 ..........................................................................................4


**R**ULES                                                                                        **P**AGE

Fed. R. Civ. P. 56 ............................................................................ vi, 2, 9

## <u>INDEX OF EXHIBITS</u>

**EXHIBIT A**    Deposition Transcript of Marianne McKissick, P.A., dated March 28, 2018 from Case No.: 4:16-cv-13505, *Temujin Kensu, #189355 v. William Brogerding, M.D. et al.*

**EXHIBIT B**    Deposition Transcript of Patricia Schmidt, D.O., dated July 27, 2020

**EXHIBIT C**    407 Referral Data for the Years 2017-2020

**EXHIBIT D**    Deposition Transcript of Plaintiff Temujin Kensu, #189355, dated February 3, 2021

**EXHIBIT E**    Affidavits from Corizon Providers regarding Corizon 407 Policies

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.  WHETHER DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON COUNT I OF PLAINTIFF'S COMPLAINT – DEFENDANTS FOLLOWED A POLICY, PRACTICE, OR CUSTOM TO "DEFER" 90% TO 99% OF ALL PHYSICIAN-RECOMMENDED REQUESTS CRUCIAL FOR A PRISONER'S MEDICAL TREATMENT WHEREBY PRISONERS WERE UNREASONABLY DENIED ACCESS TO NECESSARY MEDICAL TREATMENT FOR THEIR SERIOUS MEDICAL NEEDS?

Defendants Answer:          YES.
Plaintiff Answers:          NO.

II.  WHETHER DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON COUNT II OF PLAINTIFF'S COMPLAINT - DEFENDANTS "CONSPIRED WITH EACH OTHER" AND ENGAGE IN THE CONDUCT TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS.

Defendants Answer:          YES.
Plaintiff Answers:          NO.

## CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates that there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985).

To state a § 1983 claim for a violation of a prisoner's Eighth Amendment rights due to inadequate medical care, plaintiffs must allege facts evidencing a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). To succeed on a claim of deliberate indifference, plaintiffs must demonstrate that, objectively, there was a "sufficiently serious" medical need, and must also show that each defendant was subjectively aware of that serious medical need, and consciously disregarded it. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001); *Williams v. Mehra*, 186 F.3rd 685, 691 (6th Cir. 1999).

Corizon cannot be held liable under the theory of *respondeat superior*. *Monell v. Department of Social Servs.*, 436 U.S. 658, 663 (1978); *Dunn v. State of Tenn.*,

697F.2d 121, 128 (1983); *Street v. Corrections Corporation of America*, 102 F.3d 810,817-818 (6th Cir. 1996). To state a claim of deliberate indifference against Corizon, plaintiff must plead a claim of a policy, practice, or custom by Corizon that is allegedly unconstitutional, and that explanation must be specific, *i.e.*, "to satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)), cert. denied, U.S., 114 S. Ct. 1219, 127 L. Ed. 2d 565 (1994) (Emphasis added). *See also, Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994). Moreover, any claims made based on inaction requires Plaintiff to allege that a municipality was already aware of a prior "pattern of similar constitutional violations" to substantiate the required element of "deliberate ignorance" to a need for action. *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

## I.  <u>STATEMENT OF FACTS</u>

Plaintiff Temujin Kensu, #189355 (a.k.a. Frederick Freeman), is serving a life sentence and is currently housed at the Macomb Correctional Facility. By his own admission, he has a long history of litigious behavior. (**Dkt. No. 11, PageID.529**). Emboldened by a $325,002.00 verdict in his favor against several Michigan Department of Corrections ("MDOC") employees in 2016, he has numerous lawsuits pending in the Eastern District of Michigan in addition to the instant matter including *Kensu v. Borgerding, et al.*, Case No. 4:16-cv-13505; *Kensu v. MDOC, et. al.*, Case No. 2:18-cv-10175; and *Kensu v. Corizon, Inc., et al.*, Case No. 2:19-cv-10616.

On March 29, 2019, Plaintiff, through his counsel, filed his original Complaint initiating this matter. (**Dkt. No. 1**). Defendants filed a Motion to Dismiss on April 26, 2019. (**Dkt. No. 9**). After being granted leave by this Honorable Court (**Dkt. No. 10**), Plaintiff filed his Amended Complaint on May 14, 2019. (**Dkt. No. 11**). Plaintiff claims that Defendants have a "policy, practice, or custom of unreasonably denying access to treatment for a prisoner's serious medical needs…" (**PageID.545; ¶ 296**).

Plaintiff has alleged that Corizon, Inc. and Quality Correctional Care of Michigan, P.C., has engaged in a policy, custom, or practice of delaying necessary treatment in violation of Plaintiff's and other inmate's constitutional rights. Plaintiff has demanded declaratory and injunctive relief, the appointment of an independent

medical monitor, the appointment of an independent medical ombudsman, and costs, interest, and attorney's fees. (**PageID.552-553**).

## II.  <u>LEGAL STANDARD</u>

At the summary judgment phase, allegations alone are no longer sufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is proper if there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material for the purposes of summary judgment if its resolution would establish or refute an "essential element[] of a cause of action or defense asserted by the parties[.]" *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

In considering a motion for summary judgment, the Court must view the facts and draw all inferences in the light most favorable to the non-moving party. *Stiles ex rel. D.S. v. Grainger Cty., Tenn.* 819 F.3d 834, 848 (6th Cir. 2016). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). And although the Court may not make credibility judgments or weigh the evidence, *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015), a mere "scintilla" of evidence is insufficient to survive summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### III.   <u>LEGAL ARGUMENT</u>

**A. There is No Evidence to Support Plaintiff's Deliberate Indifference Claims Alleged Against Defendant Corizon Health, Inc.**

Corizon, Inc, a private corporation who has contracted with the state to perform the traditional state function of providing medical services to inmates, can be held liable under § 1983 based on *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658; 98 S. Ct. 2018 (1978). See *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996) (citations omitted). To state a claim of deliberate indifference against Corizon, a plaintiff must plead a claim of a policy, practice, or custom by Corizon that is allegedly unconstitutional, and that explanation must be specific, *i.e.*, "to satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" See *Monell v. Department of Social Servs*., 436 U.S. 658 at 692 (1978); *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)), cert. denied, U.S., 114 S. Ct. 1219, 127 L.Ed.2d 565 (1994) (Emphasis added). *See also, Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61, 131 S. Ct. 1350, 1359 (2011) (citing *Monell*, 436 U.S., at 691, 98 S. Ct. at 2036). There are four possible

*Monell* claims: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

   1.   <u>No Evidence of Policy, Practice or Custom Whereby Prisoners Were Unreasonably Denied Access to Medical Treatment for Their Serious Medical Needs.</u>

For an existence of a custom of tolerance or acquiescence of federal rights violations claim under 42 U.S.C. § 1983, Plaintiff must demonstrate either (1) 'identify the policy (2) connect the policy to the city itself and (3) show that the particular injury was incurred because of the execution of that policy. *Monell v. Department of Social Servs.*, 436 U.S. 658 at 692 (1978); *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)), cert. denied, U.S., 114 S. Ct. 1219, 127 L.Ed.2d 565 (1994).

Plaintiff however has provided no proof that ninety percent (90%) of surgery requests are denied nor has it clearly identified an effected "class" other than a conclusory statement that ninety percent (90%) of prisoners' requests are denied. In *Sharpe*, the Court's holding that Plaintiff had not established a discriminatory policy

4

is instructive and expressly rejects such generalized statements of wrongful policies,

stating:

> The plaintiffs broadly allege, "Ashe's disregard to constitutional rights spans three decades impacting more than these plaintiffs...." This allegation is not sufficiently supported by the record. Knoxville consistently employs over 300 firefighters and over 1600 total city employees, but plaintiffs called at trial merely one other retired firefighter who testified concerning allegations of patronage practices occurring in the late 1980's. This proof is insufficient as a matter of law for plaintiffs to meet their burden of showing a three decade-long "standing operating procedure" of discrimination.

*See Sharpe v. Cureton*, 319 F.3d 259, 268-69 (6th Cir. 2003).

To succeed on a constitutional violation claim under the second category against Corizon, Plaintiff would have to establish the existence of a policy to "deny at least 90% of surgery requests" In this matter, Plaintiff has pigeonholed himself to produce evidence that almost all requests were denied.

Just as in a general *Monell* claim where it is insufficient for Plaintiff to make allegations that Corizon has or had some non-specific unconstitutional policy, practice, procedure, or protocol, Plaintiff is held responsible to produce evidence sufficient to uphold their allegations of a long-standing and demonstrable policy of discrimination." Accordingly, Plaintiff is required to identify and connect the allegedly unconstitutional policy to Corizon and demonstrate a pattern. In this case Plaintiff has not and cannot meet the requirements of <u>identifying</u> and <u>connecting</u> an

allegedly unconstitutional policy to Corizon and demonstrating a <u>pattern</u>. *Connick,* 131 S. Ct. 1350 (2011); *Thomas v. City of Chattanooga*, 398 F.3d 426, 432-433 (6th Cir. 2005).

With respect to Corizon, Mr. Kensu cannot support his *Monell* allegations. Plaintiff in an attempt to further muddy the record, has attempted to use testimony of a Physician's Assistant in another case to demonstrate this policy, which is completely out of context and has nothing to do with this case. Ironically when P.A. McKissick was asked if she thought Corizon had a policy to deny as many 407's as possible, she answered no. (**Exhibit A, p. 79:8-10**).

What discovery has revealed is that the allegations are unfounded and not supported by the evidence. Dr. Patricia Schmidt, the 30(b)(6) representative for Corizon testified at her deposition that "88% of all requests get approved" (**Exhibit B, p. 69:19-20**). As to date Plaintiff has put forth no evidence to contradict this testimony or data. Further, this data was handed over to Plaintiff has part of discovery and is attached. (**Exhibit C**).

While Plaintiff's Complaint tries to link other cases where Corizon is named as a Defendant as evidence of this wide-spread practice, Plaintiff has no information about these cases or their outcomes. When asked at his deposition if Plaintiff had ever personally spoke to any of the Plaintiffs in any of the cases cited in his Complaint, Mr. Kensu replied no. Further when asked had he personally spoke to

any of the prison/jail administrators in any of those cases, he again answer no. (**Exhibit D, pp. 35:24-36:16; 38:23-39:2**).

With regard to policy, there is no evidence in the record of a "decisionmaker possess[ing] final authority to establish policy with respect to the action" issu[ing] an official proclamation, policy, or edict" with respect to any unlawful activities which allegedly violated Mr. Kensu and other inmates' constitutional rights. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). In addition, with regard to proving an unlawful custom, Mr. Kensu has not identified any evidence in the record demonstrating that Corizon has adopted an unlawful practice. Thus, Plaintiff has not and cannot meet the requirements of <u>identifying</u> and <u>connecting</u> an allegedly unconstitutional policy to Corizon and demonstrating a <u>pattern</u>. *Connick v. Thompson,* 131 S. Ct. 1350 (2011); *Thomas v. City of Chattanooga*, 398 F.3d 426, 432-433 (6th Cir. 2005). With respect to Corizon, Mr. Kensu cannot support his *Monell* allegations.

2. *There is No Evidence to Support Plaintiff's Civil Conspiracy Claim.*

A civil conspiracy actionable under § 1983 is an agreement between two or more persons to injure another by unlawful action. *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985). The elements of a civil conspiracy are: (1) that the conspirators shared a single plan to violate an individual's constitutional rights; (2) that they shared in the general conspiratorial objective; and (3) that the conspirators

committed an overt act in furtherance of the conspiracy, causing injury to the plaintiff. *Heyne v. Metro. Nashvill Pub. Schs.*, 655 F.3d 556, 563 (6th Cir. 2011).

In his Amended Complaint, Plaintiff merely asserts that the Corizon Defendants' "conspired with each other" and that "[e]ach count contained herein clearly demonstrates a plan by the defendants to engage in the conduct in which they engaged in to violate Plaintiff's constitutional rights as described herein." (**Dkt. No. 11, PageID.529**).

At Plaintiff's deposition, Mr. Kensu testified that he has never seen any documentation stating the alleged conspiracy. (**Exhibit D, p. 99:6-12**). When pressed to demonstrate any evidence of the alleged conspiracy, Mr. Kensu testified that he was relying on the alleged statements of ex-Providers, some of them Corizon employees, about the alleged conspiracy to deny care. (**Exhibit D, p. 100:5-10**)

In an effort to better understand this allegation along with who made the statements, Mr. Kensu was asked to list the providers who allegedly told him about the conspiracy. Over the next few pages of his deposition, Mr. Kensu listed providers starting on page 100 of dep., including NP Martino, Parveen Malick, M.D., Jeffery Bomber, M.D., Robert Lacey, Dr. Compton, Dr. Coleman and Dr. Papendick. (**Exhibit D, pp. 100:5-103:10**).

Again, it is clear that Plaintiff is relying on mere speculation as many of the listed providers have signed affidavits directly contradicting the allegations Mr. Kensu made at the time of his deposition. (**Exhibit E**).

Put simply, because Plaintiff cannot produce sufficient evidence to prevail on deliberate indifference claims, there is no way he can prove a conspiracy.

## IV.    CONCLUSION AND RELIEF REQUESTED

The evidence does not support Plaintiff's deliberate indifference, or conspiracy claims against the Corizon Defendants. By Mr. Kensu's own account all of his prior claims of conspiracy against Corizon have been denied. (**Exhibit D, p. 119:14-19**). There is no genuine issue as to any material fact. Therefore, Defendants Corizon, Inc. and Quality Correctional Care of Michigan, P.C. are entitled to summary judgment as a matter of law pursuant to Fed. R. Civ. P. 56. *Anderson*, 477 U.S. at 249.

WHEREFORE, Defendants, by and through their counsel, CHAPMAN LAW GROUP, respectfully request that this Honorable Court grant their Motion for Summary Judgment; dismiss Plaintiff's claims against them in their entirety; and provide any and all such further relief as the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: April 1, 2021          /s/Jonathan C. Lanesky
                             Ronald W. Chapman Sr., M.P.A.,
                             LL.M. (P37603)
                             Jonathan C. Lanesky (P59740)
                             Attorneys for Corizon
                             1441 W. Long Lake Rd., Suite 310
                             Troy, MI 48098
                             (248) 644-6326
                             rchapman@chapmanlawgroup.com
                             jlanesky@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on April 1, 2021I presented the
foregoing paper to the Clerk of the Court for filing and
uploading to the ECF system, which will send notification
of such filing to the attorneys of record listed herein and I
hereby certify that I have mailed by US Postal Service the
document to the involved non participants.

                             /s/ Jonathan C. Lanesky
                             Jonathan C. Lanesky (P59740)
                             1441 W. Long Lake Rd., Suite 310
                             Troy, MI 48098
                             (248) 644-6326
                             jlanesky@chapmanlawgroup.com

10

## <u>LOCAL RULE CERTIFICATION:</u>

I, JONATHAN C. LANESKY, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/Jonathan C. Lanesky
Jonathan C. Lanesky
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
jlanesky@chapmanlawgroup.com