UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TEMUJIN KENSU,

        Plaintiff,                          Case No. 19-10944
                                                      Hon. Mark A. Goldsmith

vs.

CORIZON, INC., et al.,

        Defendants.

_____/


**OPINION & ORDER**
**GRANTING DEFENDANTS' RENEWED MOTION FOR SUMMARY**
**JUDGMENT (Dkt. 48)**

Plaintiff Temujin Kensu brings this 42 § U.S.C. 1983 lawsuit against Defendants Corizon, Inc. and Quality Correctional Care.[1] Defendants are private corporations that contract with the state of Michigan to administer medical care for inmates such as Kensu who are housed in prisons run by the Michigan Department of Corrections. Kensu alleges that Defendants maintained a policy, practice, or custom that resulted in the denial of his medical treatment, in violation of his Eighth Amendment rights. Am. Compl. ¶¶ 252–255, 296A–296D (Dkt. 11).

This matter is presently before the Court on Defendants' renewed motion for summary judgment (Dkt. 48). Kensu failed to file a response, and the deadline to do so has now passed. For the reasons that follow, the Court grants Defendants' motion.[2]

---

[1] Although Kensu originally brought this lawsuit as a putative class action, the parties subsequently entered into a stipulated order dismissing the class action claims without prejudice (Dkt. 44). The Court denied Defendants' then-pending motion for summary judgment without prejudice and allowed Defendants to file a new motion focusing on Kensu's individual claims (Dkt. 45).

[2] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

Summary judgment is proper if the movant shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must present significant probative evidence to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–249 (1986).

Here, Defendants argue that Kensu cannot show that Defendants maintained a policy, practice, or custom that resulted in the denial of Kensu's medical treatment. Defendants' maintenance of an unconstitutional policy, practice, or custom is a necessary element of Kensu's § U.S.C. 1983 claim of which Kensu would bear the burden of proving at trial. Doe v. Claiborne Cnty., 103 F.3d 495, 507 (6th Cir. 1996). Defendants support their contention that they did not maintain an unconstitutional policy, practice, or custom with affidavits by healthcare professionals employed by Defendants. See Affidavits (Dkt. 39-6). Because Defendants properly supported their motion, the burden shifts to Kensu to present evidence to show the existence of an unconstitutional policy, practice, or custom. Celotex, 477 U.S. at 323. Kensu, having failed to file any response to the motion, has failed to carry his burden of coming forward with evidence to support his claim.

Accordingly, Defendants' renewed motion for summary judgment (Dkt. 48) is granted.

SO ORDERED.

Dated:  October 18, 2021                    s/Mark A. Goldsmith
    Detroit, Michigan                    MARK A. GOLDSMITH
                                       United States District Judge